# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD DEEDS,

    Petitioner,

vs.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:13-cv-00715-RCJ-VPC

**ORDER**

    Before the court are the petition for a writ of habeas corpus (#1), respondents' motion to dismiss (#6), petitioner's opposition (#10), and respondents' reply (#11). The court finds that petitioner has not exhausted his available state-court remedies, and the court grants the motion to dismiss.

    Petitioner is challenging the denial of parole from a sentence of life imprisonment for a sexual-assault conviction. After he was denied parole, he filed a habeas corpus petition in state district court. Ex. 2 (#7). The state district court dismissed the petition, holding that his claims were outside the scope of a post-conviction habeas corpus petition. Ex. 9 (#7). Petitioner appealed, and the Nevada Supreme Court affirmed for the same reason. Ex. 22 (#7).

    Petitioner then commenced this action. The court dismissed grounds 2, 3, and 5 of the petition (#1) because petitioner was challenging the denial of parole based upon a liberty interest protected by the Fourteenth Amendment, and no such liberty interest exists for parole in Nevada. Order, at 1 (#4). The court directed respondents to respond to grounds 1 and 4. Id. at 1-2.

    Respondents argue that petitioner has not exhausted his available state-court remedies for grounds 1 and 4. Before a federal court may consider a petition for a writ of habeas corpus, the

petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Respondents are correct. A post-conviction habeas corpus petition in state court is not the correct method to challenge the denial of parole. "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)). Instead, a petition for a writ of mandamus filed in the state district court is the correct method. See Douglas v. State, 184 P.3d 1037 (Nev. 2008); Stockmeier v. Psychological Review Panel, 135 P.3d 807 (Nev. 2006). Petitioner has not demonstrated that mandamus is unavailable to him. The two remaining grounds of the petition are unexhausted.

Petitioner's arguments on the merits of his grounds and on procedural default are not relevant to the issue of exhaustion.

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Reasonable jurists would not find debatable the court's conclusion that grounds 2, 3, and 5 are without merit; the court of appeals already has held that Nevada has not created a

constitutionally-protected liberty interest in parole.  Reasonable jurists also would not find debatable the court's conclusion that grounds 1 and 4 are unexhausted; petitioner simply used a type of action in state court under which the state courts could not address his claims.

The court makes no statements on whether procedural bars in state court or federal court would apply in any subsequently filed petition.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#6) is **GRANTED**. This action is **DISMISSED** with prejudice for petitioner's failure to exhaust his available state-court remedies.  The clerk of the court shall enter judgment accordingly.

Dated:   March 24, 2015.

_____
ROBERT C. JONES
United States District Judge